Battle, J.
 

 The contract between Due and the plaintiff, by which the horse in question was delivered to the latter, for the purpose of securing a debt which Due owed him, was undoubtedly intended by the parties as a security for money, and must have been either a mortgage or a pledge. If it were' a mortgage, it was clearly void as against creditors, because not in writing, and proved and registered within sis months as required by law. Rev. Stat. ch.
 
 37,
 
 sec. 23; (Rev. Code'ch.
 
 87,
 
 sec. 22). If it were a pawn or pledge, we think that it was equally void as against_the creditors, because the possession, instead of being retained by the pawnee, was immediately restored to the pawnor. A pawn is defined to be a bailment or delivery of goods by a debtor to his creditor, to be kept till the.debt is discharged. It is the
 
 pignori aceep-tvm
 
 of the civil law, according to which, the possession of the pledge (pignus) passed to the creditor, therein differing from the
 
 hypotheca
 
 where it did not. See Kent’s Com.
 
 577,
 
 and the authorities there referred to. In the well-considered case of
 
 Doak
 
 v.
 
 the Bank of the State,
 
 6 Ire. Rep. at page 319, DaN-xel, J., says, “ a pledge is a deposit of personal effects, not to
 
 *42
 
 be taken back but on payment of a certain sum, by express stipulation to be a lien upon it.” Nash, Judge, says of the pledge tbat it is essential,
 
 “
 
 that the possession of the article should accompany it;” RmmN, Chief Justice, who filed a dissenting opinion, does not deny that the possession of the article must accompany the pledge, but contends that, being but a security for money, it ought to be in writing' and made public by probate and registration, like mortgages and deeds in trust,, otherwise it should be void as against creditors. Bank, and other stock, and choses in action, he admits to be an exception, because they cannot be rendered liable to the satisfaction of a judgment, either upon execution, or by a decree of the Court of Equity. See his opinion at page 335. The mischiefs which the Chief Justice strongly depicts as likely to arise from holding that a pledge of a personal chattel, where the possession accompanies it, need not be in writing, and proved and registered, would be greater if the pawn- or were at liberty to take back the pawn and keep it for a longer, or shorter time, under another agreement with the pawnee. Being the original owner, his possession would be less likely to lead to a knowledge of the circumstances under which he held it. IIow could a creditor or purchaser know —what reason would he have, even to suspect, that he had pledged it for a debt, while he still continued to possess and use it as formerly ? This very case, if the judgment were affirmed, would afford a striking example of the injustice and hardship of the rule. The defendant Tyson was a creditor of Due at the time when he pledged his horse to the plaintiff. Due immediately took back the horse, and was in possession of it at the time when the defendant levied the execution upon it at the instance of Tyson. Here was the owner in possession of his own horse, and yet the defendant Tyson is to lose his debt, and have to pay, besides, a heavy bill of costs, because, forsooth, Due had made a secret pledge of the horse to another person!
 
 We
 
 call the pledge a secret one, because it was not in writing and put upon the register’s book, and there is no testimony to show that the defendant knew any
 
 *43
 
 thing about it. Such ought not to be, and we believe is not, the law. The judgment must be reversed, and, according to the agreement of the parties, a judgment of nonsuit must be entered here.
 

 Pee CueiáM. ' Judgment reversed.